# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01057-PAB-STV

OCIE L. BROWN, III,

      Plaintiff,

v.

CARMELLA WALLACE,
UNIVERSAL MUSIC GROUP,
INTERSCOPE RECORDS,
OPUS MUSIC GROUP,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Entered by Chief Magistrate Judge Scott T. Varholak

      This matter is before the Court on Defendants' Motion to Dismiss First Amended Complaint (the "Motion"). [#52] The Motion has been referred to this Court. [#53] The Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED IN PART**, as detailed herein.

I.    **FACTUAL BACKGROUND**[1]

At some unspecified time,[2] Plaintiff Ocie L. Brown, III, wrote and copyrighted three works, titled: "Mine," "Everything," and "Facts As Usual."  [#32 at 8[3]]  Plaintiff alleges that Jarad Higgins (known professionally as Juice WRLD) used portions of Plaintiff's lyrics in thirty-four different songs.  [*Id.* at 11-12]  Although Plaintiff does not specify which, if any, of the thirty-four songs were released, some number of relevant, unreleased songs were performed live on social media.  [*Id.* at 8]  The Estate of Jarad Higgins eventually sold their catalog to Defendant Opus Music Group Investments, LLC, with the assistance of the record label, Defendant UMG Recordings, Inc.  [*Id.* at 7]

Plaintiff, proceeding pro se, initiated the instant action on April 19, 2024.  [#1]  He filed the operative Complaint on August 26, 2024.  [#32]  The Complaint asserts a direct claim for copyright infringement against Defendant Estate of Jarad Higgins (the "Estate") and contributory and vicarious infringement claims against Defendants UMG Recordings, Inc. ("UMG") and Opus Music Group Investments, LLC ("Opus").  [*Id.* at 7-9]  The Complaint seeks injunctive relief and damages for the alleged infringement of Plaintiff's copyright.  [*Id.* at 8-9]

---

[1]  The facts are drawn from the allegations in Plaintiff's Amended Complaint (the "Complaint") [#32], which must be taken as true when considering the Motion. *See Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).

[2]  Plaintiff alleges that he "created the [c]opyrighted [w]ork [in] August 2015" [#32 at 8], yet the exhibits attached to the Complaint demonstrate that "Facts as Usual" was created in 2018 and "Everything" was created in 2019 [*id.* at 14-15].

[3]  For consistency and clarity, the Court refers to the page number printed on each page of the .pdf document uploaded to the Electronic Court Filing system.

On October 2, 2024, Defendants filed the instant Motion, seeking dismissal of all of Plaintiff's claims with prejudice. [#52]  Plaintiff has responded to the Motion [#56] and Defendants have filed a reply [#59].

## II.    STANDARD OF REVIEW

### A.    Federal Rule of Civil Procedure 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) permits a party to move to dismiss alleged claims against them for lack of personal jurisdiction. "Where the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists." *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). "Where a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *Id.* at 1056-57. "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). The Court also accepts the well-pleaded facts in the complaint "as true to the extent they are uncontroverted by the defendant's affidavits." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). "If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* (quotation omitted). "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating that the presence of some other

considerations would render jurisdiction unreasonable." *OMI Holdings, Inc.*, 149 F.3d at 1091 (quotation omitted).

### B.    Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Cassanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id*. (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief

under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

### C.    Pro Se Litigants

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3. The Court, however, cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Moreover, pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

### III.    ANALYSIS

In their Motion, Defendants raise two arguments to support dismissal: (1) the Court lacks personal jurisdiction over the Defendants and (2) Plaintiff fails to allege a viable copyright infringement claim.   [#52]   The Court agrees that it lacks personal jurisdiction over Defendants.[4]

---

[4] At the outset, the Court must dispose of Plaintiff's request for a preliminary injunction. [#56 at 1]   Plaintiff has not moved for a preliminary injunction and cannot do so in opposition to a motion to dismiss. *Carrillo v. Castle, Stawiarki, LLC,* No. 12-cv-00003-WJM-MEH, 2012 WL 12809, at *1-2 (D. Colo. Jan. 4, 2012) (denying plaintiff's request for preliminary injunction where plaintiff failed to seek preliminary injunctive relief in a separate, noticed motion).

A.      **Personal Jurisdiction**

In   determining   whether   a   federal   court   has   personal   jurisdiction   over   a nonresident   defendant   in   a   federal   question   case,   the   court   must   determine:   first, "whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant," and second, "whether the exercise of jurisdiction comports with due process." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quotations omitted).  Here, the federal Copyright Act, 17 U.S.C. § 101 *et seq*., does not provide for nationwide service of process.  *Dudnikov v. Chalk & Vermilion Fine Arts, Inc*., 514 F.3d 1063, 1070 (10th Cir. 2008).   Thus, under Federal Rule of Civil Procedure 4(k)(1)(A), the laws of the forum state, Colorado, dictate personal jurisdiction.  *Id.* (Federal Rule of Civil Procedure 4(k)(1)(A) "commands the district court . . . to apply the law of the state in which the district court sits.").

"A plaintiff seeking to invoke a Colorado court's jurisdiction over a non-resident defendant   must   comply   with   the   requirements   of   [Colorado's]   long-arm   statute   and constitutional due process."  *Touchtone Grp., LLC v. Rink*, 913 F. Supp. 2d 1063, 1074-75 (D. Colo. 2012) (quoting *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005)). Because "Colorado's long-arm statute . . . confers the maximum jurisdiction permissible consistent with the Due Process Clause . . . the first, statutory, inquiry effectively collapses into the second, constitutional, analysis." *Dudnikov*, 514 F.3d at 1070.

"Due process requires both that the defendant 'purposefully established minimum contacts within the forum State' and that the 'assertion of personal jurisdiction would comport with fair play and substantial justice.'" *Old Republic Ins. Co. v. Cont'l Motors*,

Inc., 877 F.3d 895, 903 (10th Cir. 2017) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).  "Depending on their relationship to the plaintiff's cause of action, an out-of-state defendant's contacts with the forum state may give rise to either general (all-purpose) jurisdiction or specific (case-linked) jurisdiction." *Id*. "If a defendant is subject to specific personal jurisdiction, the asserted cause(s) of action must arise from the specific contacts with the forum that gave rise to jurisdiction; whereas, if a defendant is subject to general personal jurisdiction, the asserted cause(s) of action may be unrelated to the defendant's contacts with the forum." *Carnrick v. Riekes Container Corp.*, No. 15-cv-01899-CMA-KMT, 2016 WL 740998, at *2 (D. Colo. Feb. 24, 2016).

The Court first addresses whether it has general jurisdiction over Defendants, then analyzes specific jurisdiction.

## 1.    General Jurisdiction

A court obtains general personal jurisdiction "when a defendant is essentially at home in the State."  *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 358 (2021) (quotations omitted).  "With respect to a corporation the place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction."  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quotation omitted).  A corporation can also be subject to general jurisdiction if it has "continuous and systematic general business contacts with the forum State," which emulate "physical presence in the state."  *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 614 (10th Cir. 2012) (quotations omitted).

Here, Plaintiff concedes in its Complaint that Carmela Wallace, also known as the Estate, is not a citizen of Colorado and that neither Defendants UMG nor Opus'

place of incorporation nor principal place of business lies in Colorado.  [#32 at 3-6] The Complaint does not include any additional facts pertaining to general jurisdiction. Accordingly, it cannot include sufficient facts to allege Defendants hold continuous and systemic business contacts in Colorado sufficient to render it "at home" in this forum. [*See generally* #32]

In the response to the Motion, Plaintiff asserts Defendants are conducting business in Colorado, and in support argues, "[o]n October 14, 2024, [Defendants] released one of Juice WRLD's unreleased songs 'Cavalier,' one of the infringing songs. The song was released across the internet including in Colorado." [#56 at 3]  But this representation demonstrates that the infringing songs were distributed worldwide, with no particular emphasis on Colorado.  And the Tenth Circuit has "emphasiz[ed] that general jurisdiction over a web site that has no intrinsic connection with a forum state requires commercial activity carried on with forum residents in such a sustained manner that it is tantamount to actual physical presence within the state."  *Shrader v. Biddinger*, 633 F.3d 1235, 1246 (10th Cir. 2011).  Plaintiff has failed to make such a showing, as neither the Complaint nor the response provides any information regarding which websites or platforms published the infringing songs, or the frequency with which those songs were accessed by Colorado residents.  And Plaintiff does not address whether Defendants posted the infringing songs on websites that are specifically directed to Colorado residents or businesses. The Court therefore has no information to conclude how Defendants and those websites interact with Colorado. Thus, the Court finds that Plaintiff has failed to establish that Defendants have sufficient contacts with Colorado such that Colorado has general jurisdiction over Defendants.

### 2.    Specific Jurisdiction

"Specific jurisdiction calls for a two-step inquiry: (a) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so, (b) whether the defendant has presented a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Old Republic Ins. Co.*, 877 F.3d at 904 (quoting *Burger King*, 471 U.S. at 476-77). "[T]he 'minimum contacts' test for specific jurisdiction encompasses two distinct requirements: first, that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state, and second, that the plaintiff's injuries must 'arise out of' defendant's forum-related activities." *Shrader*, 633 F.3d at 1239 (quotation omitted).

Plaintiff argues that Defendant committed an intentional tort—copyright infringement—that caused harm in Colorado. [*See generally* #32]   In determining personal jurisdiction for tort-based actions, courts apply a "purposeful direction" test. *Niemi v. Lasshofer*, 770 F.3d 1331, 1348 (10th Cir. 2014)   Under that test, the court may exercise personal jurisdiction over a non-resident defendant where there is evidence of: "(a) an intentional action . . . that was (b) expressly aimed at the forum state . . . with (c) knowledge that the brunt of the injury would be felt in the forum state." *Id*.; *see also Ullom v. Doctors Collection Serv., Inc.*, No. 17-cv-0740-WJM-STV, 2018 WL 619755, at *3 (D. Colo. Jan. 30, 2018) ("A plaintiff must establish not only that defendants foresaw (or knew) that the effects of their conduct would be felt in the forum state, but also that defendants undertook intentional actions that were expressly aimed at that forum state." (quotation omitted)).   The focus of this analysis is on "the relationship among the defendant, the forum, and the litigation," not the relationship

between Plaintiff and Defendant. *Calder v. Jones*, 465 U.S. 783, 788 (1984) (quotation and emphasis omitted). As the Supreme Court has explained:

> [M]ere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.

*Walden v. Fiore*, 571 U.S. 277, 290 (2014) Thus, in order for Plaintiff to successfully show that Defendants' alleged copyright infringement creates personal jurisdiction, Plaintiff must show that Defendant purposefully directed its conduct toward Colorado.

To show that Defendant purposefully directed its infringing actions toward Colorado, Plaintiff states that he and Jarad Higgins played video games together; Mr. Higgins knew Plaintiff lived in Colorado; and "on October 14, 2024, [Defendants] released one of the alleged infringed songs – "Cavalier," on several platforms. All the platforms have reached Colorado." [#56 at 2-3 ("The song was released across the internet including in Colorado.")]

In *Shrader*, the Tenth Circuit observed that internet activities such as internet posting are "peculiarly non-territorial" because "the internet operates 'in' every state regardless of where the user is physically located" and "when a person places information on the Internet, he can communicate with persons in virtually every jurisdiction." 633 F.3d at 1240 (quotation omitted). The Tenth Circuit cautioned that if courts are to conclude that, as a general matter, "a person's act of placing information on the Internet subjects that person to personal jurisdiction in each State in which the information is accessed, then the defense of personal jurisdiction, in the sense that a State has geographically limited judicial power, would no longer exist." *Id*. (quotation

omitted).  As a result, "it is necessary to adapt the analysis of personal jurisdiction to this unique circumstance by placing emphasis on the internet user or site *intentionally directing* his/her/its activity or operation *at* the forum state rather than just having the activity or operation accessible there."  *Id*. (emphasis in original).

In particular, *Shrader* instructs that we are to examine whether the defendant "deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state."  *Id*. at 1241; *but see Old Republic*, 877 F.3d at 917 n.35 ("[T]he 'intending harm' language in *Shrader*" should not be taken "literally to mean that the defendant must actually intend to harm forum state residents. . . .  We instead ask whether the defendant intended its online content to create effects specifically in the forum state.").  Addressing websites such as Internet forums, the Tenth Circuit said that "merely posting information on the internet does not, in itself, subject the poster to personal jurisdiction wherever that information may be accessed. . . .  Rather, . . . postings may give rise to personal jurisdiction if they are directed specifically at a forum state audience or otherwise make the forum state the focal point of the message."  *Shrader*, 633 F.3d at 1244.  In *Dudnikov*, for example, the plaintiffs sufficiently demonstrated personal jurisdiction through allegations and record evidence that defendants sent a copyright infringement notice to eBay for the express purpose of cancelling an auction by a Colorado business.  514 F.3d at 1075–76.

For purposes of the jurisdictional analysis, the Court accepts as true that Jarad Higgins infringed Plaintiff's copyright and that distribution of the allegedly infringing song did make its way to Colorado. However, the Court's review of the Complaint and Plaintiff's response to the Motion highlights the "geographically-neutral content . . .

[and] geographically-neutral nature of the forum." *Shrader*, 633 F.3d at 1245-46; [#56 at 2-3 ("The song was released across the internet including in Colorado.")] The Court thus concludes that Defendants targeted the infringing songs "at a nation-wide or world-wide audience . . . with no inherent interest in or tie to" Colorado. *Id*. at 1246. Without proof of intentional action purposefully directed toward Colorado and evidence that Colorado residents engaged with Defendants, the Court cannot find specific personal jurisdiction over the copyright infringement claim simply because the infringing songs were distributed widely on the internet. *Allison v. Wise*, 621 F. Supp. 2d 1114, 1121 (D. Colo. 2007) ("[T]he . . . [c]omplaint evidences nothing more than that the economic impact of [the defendant's] alleged copyright infringement is felt by plaintiff here in Colorado. Such a circumstance is based on the mere fortuity that plaintiff happens to reside here, and is patently insufficient to permit the assumption of personal jurisdiction over [the defendant] in this forum."); *Impact Products., Inc. v. Impact Products., LLC*, 341 F. Supp. 2d 1186, 1191 (D. Colo. 2004) ("[T]hat [the defendant] may have infringed on [the plaintiff's] mark outside of Colorado, and did so knowing that [the plaintiff] was a Colorado resident and that this infringement would have effects in Colorado, is not sufficient to demonstrate 'express aiming' at this forum under the *Calder* test."); *see also Cont'l Appliances, Inc. v. Thomas*, No. C-12-1310 EMC, 2012 WL 3646887, at *3 (N.D. Cal. Aug. 23, 2012) ("[R]ecent decisions [of the Ninth Circuit] make clear that an allegation of copyright infringement with knowledge that the plaintiff resides in the forum is insufficient, on its own, to establish express aiming." (quotation omitted)).

B.    Dismissal or Transfer for Lack of Personal Jurisdiction

As detailed above, Plaintiff has failed to establish jurisdiction over Defendants in Colorado.  Pursuant to 28 U.S.C. § 1631, when a court determines that it lacks personal jurisdiction, it "shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action or appeal could have been brought."   Although Section 1631 "contain[s] the word 'shall,' [the Tenth Circuit] ha[s] interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice."   *Trujillo*, 465 F.3d at 1222-23.  "Factors considered in deciding whether a transfer is in the interest of justice include [1] whether the claims would be time barred if filed anew in the proper forum, [2] whether the claims alleged are likely to have merit, and [3] whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction."   *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).  "[W]here the court determines that it lacks jurisdiction and the interests of justice require transfer rather than dismissal, '[t]he correct course . . . [is] to transfer the action pursuant to [§ 1631].'"   *Trujillo*, 465 F.3d at 1223 (quoting *Ross v. Colo. Outward Bound Sch., Inc.*, 822 F.2d 1524, 1527 (10th Cir. 1987)).  Weighing these factors, the Court concludes that the matter should be dismissed without prejudice, rather than transferred.

First, because neither party addresses the statute of limitations here, and because the other factors weigh against transfer even if Plaintiff's claims would not be time-barred, the Court need not determine the relevant statute of limitations period.

Second, with respect to whether the claims are likely to have merit, "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (quoting *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)). Plaintiff asserts claims of copyright infringement. [#32] "There are two elements to a copyright infringement claim: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Here, Defendants contend that Plaintiff fails to adequately plead copying. [#52 at 9-12] The Court agrees.

"A plaintiff can establish that the defendant copied his program either through the presentation of direct evidence, or through indirect evidence that shows (1) that the defendant had access to the copyrighted program, and (2) that there are probative similarities between the copyrighted material and the allegedly copied material." *Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 832 (10th Cir. 1993). While a plaintiff is not required to demonstrate the defendant's actual access to the work, "evidence that only creates a bare possibility that the defendant had access is not sufficient." *La Resolana Architects,* 555 F.3d at 1178 (quoting *Mag Jewelry Co. v. Cherokee, Inc.*, 496 F.3d 108, 117 (1st Cir.2007)).

As indirect evidence of copying, Plaintiff alleges that he and Mr. Higgins played video games together and "while having contact with Juice WRLD and associates close to Juice WRLD . . . the Defendant was able to obtain access to the Copyrighted Work."

14

[#32 at 8-9]  As an initial matter, the bald allegation that "Defendant was able to obtain access to the Copyrighted Work" is a mere conclusion, devoid of facts to support an inference that Mr. Higgins or any of his unnamed associates directly accessed the copyrighted works. Moreover, it is unclear how Mr. Higgins had a reasonable opportunity to view or copy the copyrighted works when playing video games with Plaintiff.  And the Court need not accept unreasonable inferences or unwarranted deductions of fact.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007) ("unreasonable inferences . . . are insufficient to defeat a motion to dismiss").  Nor may this court "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).  Finally, to logically support a claim that Mr. Higgins copied Plaintiff's work, Mr. Higgins must have had access to Plaintiff's copyrighted work before the creation of the allegedly infringing work. And here Plaintiff does not allege any dates associated with the purported access.  [*See generally* #32]  Accordingly, the pleadings fail to set forth any chain of events connecting the copyrighted works to the Estate.  And Plaintiff's failure to adequately allege direct infringement against the Estate is, by itself, fatal to his claims for secondary liability. *La Resolana Architects*, 555 F.3d at 1181 ("[B]oth contributory and vicarious infringements require someone to have directly infringed the copyright.").  In sum, because the Complaint fails to plead access, the claims alleged are unlikely to have merit.

Finally, as to the third factor, the Court concludes that it was clear at the time of filing that the Court lacked the requisite jurisdiction, which warrants dismissal as opposed to transfer.

Accordingly, the Court finds that the interests of justice in this case require dismissal without prejudice rather than transfer. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice."); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (holding that when the plaintiff is proceeding pro se, dismissal with prejudice is only appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend" (quotation omitted)); *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (holding prejudice should not attach to dismissal when plaintiff has made allegations "which, upon further investigation and development, could raise substantial issues").[5]

## IV.    CONCLUSION

For the foregoing reasons, this Court respectfully **RECOMMENDS** that Defendants' Motion [#52] be **GRANTED IN PART**, and that Plaintiff's Amended Complaint [#32] be **DISMISSED WITHOUT PREJUICE**.[6]

---

[5] Defendant sought dismissal with prejudice. [#52 at 2] As these cases demonstrate, dismissal should be without prejudice. Thus, the Court RECOMMENDS that the Motion be DENIED to the extent it seeks dismissal with prejudice.

[6] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal

DATED:  February 28, 2025                    BY THE COURT:

                                             s/Scott T. Varholak
                                             Chief United States Magistrate Judge

---

from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).